JORELLE BAGS, INC. *v.* UNITED STATES (No. 5212)*

United States Court of Customs and Patent Appeals, July 21, 1966

*Siegel, Mandell & Davidson* (*David Serko, Allan H. Kamnitz*, of counsel) for appellant.

*John W. Douglas*, Assistant Attorney General, *Alan S. Rosenthal, Jack H. Weiner* for the United States.

*C.A.D. 888.

[Oral argument April 5, 1966 by Mr. Serko and Mr. Weiner]

Before RICH, Acting Chief Judge, and MARTIN, SMITH, and ALMOND, Associate Judges

RICH, Acting Chief Judge, delivered the opinion of the court:

This appeal is from the judgment of the United States Customs Court, Second Division (54 Cust. Ct. 366, Abstract 69203), overruling the importer's protest to the classification of ladies' foldover, or "clutch," evening bags stipulated to be in chief value of beads, imported from Belgium.

The following two statutes are involved (emphasis ours):

Paragraph 1503 of the Tariff Act of 1930, as modified by the Sixth Protocol of Supplementary Concessions to the General Agreement on Tariffs and Trade, 91 Treas. Dec. 150, T.D. 54108.

> Fabrics and articles *not ornamented with beads*, spangles, or bugles, nor embroidered, tamboured, appliqued, or scalloped, composed wholly or in chief value of beads or spangles * * *
>
> *       *       *       *       *       *       *
> Fabrics and articles_____ 25½% ad val.

Paragraph 1529(a) of the Tariff Act of 1930, as modified by the Sixth Protocol of Supplementary Concessions to the General Agreement on Tariffs and Trade, 91 Treas. Dec. 150, T.D. 54108:

> Articles (including fabrics) *ornamented* * * *
>
> *       *       *       *       *       *       *
> Provided for in subdivision [6] of paragraph 1529(a).
>
> *       *       *       *       *       *       *
> Other[1] _____ 42½% ad val.

Par. 1529 as originally enacted reads in pertinent part:

> (a) * * * fabrics and articles embroidered (whether or not the embroidery is on a scalloped edge), tamboured, appliqued, *ornamented with beads*, bugles, or spangles, or from which threads have been omitted, drawn, punched, or cut, and with threads introduced after weaving to finish or ornament the openwork * * *
>
> *       *       *       *       *       *       *

Classification of the imported bags was under paragraph 1529(a) and the protest claims classification under paragraph 1503 is the proper one. Simply stated, the sole issue is whether the bags are or are not "ornamented with beads" within the meaning of the law.

Two different beaded bags are involved. Exhibit 2 is a white foldover bag (some imports of the same model were black). The surface which forms the outside of the bag when it is folded is completely covered with small beads of such size that strung close together there are about 18 to the inch. These beads are arranged in close spiral circular patterns, the circles being about two inches in diameter.

---

[1] In lieu of this provision, appellant relies on the provision "Wholly or in chief value of beads, bugles, or spangles . . . . 42½% ad val." Since the duties are the same, we find it unnecessary to resolve this difference.

The circles are contiguous and the spaces between them are filled with beads. The beads at the ends are in arcuate borders about an inch and a quarter wide and the two ends have fringe of the same beads formed in loops about a quarter of an inch long. The inner face of the bag, inside when folded, is satin decorated with clusters of four beads each, matching the beads on the outside, sewed to the satin at intervals of an inch.

Exhibit 3 is referred to as a Paisley bag. It is of the same configuration but both sides are made of a dark woven material in red, green and brown. Copper colored, yellow, and brown beads are sewed along the outlines of the tapestry pattern, some lines of the beads being continuous and the beads on others being spaced with a bead every two or three stitches. Looped bead fringe is attached at both ends.

Relying principally on this court's decision in *United States* v. *Metro Bag Works*, 17 CCPA 145, T.D. 43472, the Customs Court found both bags to be "ornamented with beads" and therefore classifiable under paragraph 1529(a).

Relying on words from the same case, appellant makes the contrary contention. Its argument is somewhat difficult to follow but the gist of it seems to be that, in the words of *Metro*,

If the article itself is so composed of beads, however ornamental in character they may be, that those beads constitute a material and necessary portion of the article itself, and *without which there would be no article*, then the article can not be said to be ornamented with beads, so as to bring it within the scope of paragraph 1430 [1529, Act of 1930] ; * * *. [Emphasis ours, not appellant's.]

Appellant's argument is based on this extract and is put in these words as a point in its brief:

A. The Law: Where beads are necessary to the completion of an article, as such, that article is not considered as "ornamented with beads."

We consider this to be a wrong interpretation of the *Metro* case. It should be remembered that there the court was talking about a bag which was apparently "made of strands of beads." The opinion went on to explain, "In making each bag, extra strands are woven into or attached to the body of the bag at the same time the bag is made, in such a way as to form a succession of loose, pendulous loops along the bottom of the bag. These give an ornamental or finished look to the bag. The loops can be broken or detached from the body of the bag and leave the bag intact, as a bag."

"It must appear to any mind," to use Judge Garrett's expression in *Metro*, that beaded bags may be otherwise complete bags which are ornamented with beads; that such a *beaded* bag cannot be made without beads; and that, in that sense, the beads are "necessary to the completion of the article." That *Metro* was never intended, however, to create such "law" as appellant asserts is very clear from the statement

by the court that ▮ "there may be articles made of common beads which may have superimposed upon them or connected with them elaborate beaded ornamentation * * *. There is no appealing reason suggested why such or similar articles may not be said to be articles *composed of* beads, *ornamented with* beads." (Emphasis ours.) Because the court found the bags in *Metro* to be thus ornamented, apart from the beads they were made of, it held the bags to be within the "ornamented with beads" paragraph of the statute. A similar situation exists in the present case.

As to the Paisley bag, Exhibit 3, there can be no question that all of the beads on it are used only to ornament an otherwise complete bag.

As to Exhibit 2, the principal difference is that the outer side of the bag is made of a piece of material which is a special fabric base, such as musline, which has been stretched on a frame and then completely covered with beads sewed thereto in a desired pattern, after which it is made up as part of a clutch bag. The deciding factor as to this bag, however, is that its satin inner face is unquestionably ornamented with clusters of other beads sewed on at spaced intervals. Because of this, it is unnecessary to decide what effect the beaded construction of the outer face would have on classification, considered alone. The lower court found it unnecessary to reach the effect on classification of the looped bead fringe and so do we.

The judgment of the Customs Court overruling the protest is *affirmed*.